ALICE E. REEVES *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Worcester. September 27, 1955. — December 6, 1955.

Present: QUA, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Insurance,* Accident insurance; Life insurance: double indemnity.

Evidence showing that the lifting of mortar tubs by the insured under a life insurance policy was the only "external means" of a strangulated hernia which resulted in his death and not showing that the lifting was unintentional or was accompanied by any unexpected occurrence disclosed merely an accidental result of the lifting and not an accidental cause of his bodily injury and death and did not warrant recovery of benefits payable under the policy on proof that he "sustained bodily injury solely through external, violent and accidental means" and that his death resulted therefrom.

CONTRACT. Writ in the Superior Court dated February 23, 1951.

The action was tried before *Smith*, J.

*Carl Liddy*, for the plaintiff.

*Robert W. Blakeney*, (*Charles W. Proctor* with him,) for the defendant.

WILLIAMS, J. This is an action by the beneficiary of two industrial life insurance policies issued by the defendant to her husband Stanley J. Reeves to recover "additional" death benefits for which provision was made in the policies. These benefits were payable, if death occurred in circumstances hereinafter described, in amounts equal and in addition to the amounts otherwise payable. Under the first policy, numbered 33220662 issued in 1941, they were payable on receipt of due proof that the insured "sustained bodily injury solely through external, violent and accidental means" evidenced, except in case of drowning "or of an internal injury revealed by an autopsy, by a visible contusion or wound on the exterior of the insured's body, and that the death of the insured resulted therefrom, directly and independently of all other causes, within ninety days from the date thereof . . ." with the exception that "no additional death benefit will be paid if the death of the insured resulted directly or indirectly, or wholly or partially, from disease, or from bodily or mental infirmity . . . ." In the second policy, numbered 39992568 issued in 1950, the provisions for payment were substantially the same.

The plaintiff presented evidence that on June 7, 1950, the insured experienced pain and vomited after lifting mortar tubs and on the advice of a physician entered St. Vincent Hospital. On June 15 an operation was performed which disclosed a strangulation of the small intestine, due to a femoral hernia. The insured died at the hospital on June 26. According to the death certificate the direct cause of death was bronchopneumonia, the antecedent causes being "intestinal obstruction due to strangulated femoral hernia (primary)." The same causes were set forth in the report of an autopsy performed on June 26.

It was undisputed that proofs of death were given to the

defendant within the time required by the policies and that the defendant paid to the plaintiff the respective amounts for which the decedent was insured with the exception of the additional benefits. The defendant rested at the conclusion of the plaintiff's evidence and on motion the judge directed a verdict in its favor subject to the plaintiff's exception. The judge by agreement of the parties then reported the case to this court on the single issue whether there was error in directing the verdict.

The injury which it is contended the insured received was the strangulated hernia first disclosed by the surgical operation and later by the autopsy. Its only cause from external means, so far as appears, was the lifting of the mortar tubs. The evidence did not warrant a finding that this lifting of the tubs either was unintentional or at the time was accompanied by any unexpected occurrence. The case is governed by *Smith* v. *Travelers Ins. Co.* 219 Mass. 147, where the death of an insured was caused by the inhalation of a normally harmless nasal douche which by reason of the peculiar malformation of the person's middle ear penetrated through it to the brain. It was there held that the death was not accidental in the sense the word was used in the policy insuring against death by external, violent and accidental means. The court said at page 149, "It is not sufficient that the death or the illness that caused the death may have been an accidental result of the external cause, but that cause itself must have been, not only external and violent, but also accidental." Here the lifting itself was not attended by accident although the consequences to the insured were unforeseen. The case is illustrative of the distinction to be observed between accidental result and accidental cause. See *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522; *Lee* v. *New York Life Ins. Co.* 310 Mass. 370. Compare *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34.

There was no error in directing a verdict for the defendant.

*Judgment for the defendant.*